IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GERARD AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:05-CV-429 |
| ) | |
| ELGIN, JOLIET & EASTERN ) | |
| RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss, filed by Defendant, Elgin, Joliet & Eastern Railway Company ("EJ&E"), on September 8, 2006. For the following reasons, the motion is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE**.

BACKGROUND

EJ&E filed the current motion to dismiss pursuant to Rule 37(b)(2)(C) and Rule 41(b) of the Federal Rules of Civil Procedure. EJ&E claims that Plaintiff, Gerard Austin, failed to prosecute this case and failed to comply with this Court's order dated August 16, 2006, compelling Austin to respond to outstanding discovery requests by September 5, 2006.

Plaintiff filed his complaint on October 25, 2005, alleging

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(5), as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981.  On May 8, 2006, EJ&E served upon Austin its first interrogatories and first requests for production of documents.  Responses were initially due by June 12, 2006.  Plaintiff's then counsel, Anna Hearn, requested an extension of time to respond to the discovery, and Plaintiff agreed that the deadline would be extended to July 7, 2006.  However, on July 7, 2006, Hearn filed a verified petition to withdraw her appearance, representing to the Court that her attorney-client relationship with Austin had broken down and that Austin had failed to respond to Hearn's telephone calls and written correspondence since about April 19, 2006.  On July 11, 2006, this Court granted Hearn's verified petition to withdraw her appearance.

As of July 26, 2006, EJ&E had not received responses to its interrogatories or requests for documents, consequently, EJ&E filed a motion to compel responses to the outstanding discovery.  Plaintiff did not respond to the motion, and the Court granted EJ&E's motion to compel on August 16, 2006.  This Court directed Plaintiff to provide the discovery responses by September 5, 2006.  Plaintiff did not comply with this Court's order, and no discovery responses were provided.

EJ&E filed the instant motion to dismiss on September 8, 2006.  Austin failed to file a timely response to the motion.  On September

28, 2006, this Court ordered Austin to respond to EJ&E's motion to dismiss on or before October 10, 2006, and warned Austin that a failure to file a response by that date could result in the Court summarily ruling on this matter.  Austin did not file a response to EJ&E's motion to dismiss.

DISCUSSION

EJ&E bases its motion to dismiss on Federal Rules of Civil Procedure Rules 37 and 41.  Rule 37 provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> \*\*\*
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(C).  In other words, Rule 37 lets a court dismiss a case against a party who fails to comply with discovery orders.

Rule 41 provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, the defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). Rule 41 differs from Rule 37 in that Rule 41 applies to court orders generally and/or the failure to prosecute, and Rule 37 applies only to the failure to comply with the discovery rules or discovery orders directed by the Court. *See Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).

Generally, dismissal under Rule 37 requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault on the part of the noncomplying party. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976); *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997) (citing *Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280, 283 (7th Cir. 1988)); *Hindmon v. National-Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620 (7th Cir. 1982); *but see Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992) ("The cases in this circuit, at any rate, do not set up a row of artificial hoops labeled 'bad faith' and 'egregious conduct' and 'no less severe alternative' through which a judge must jump in order to be permitted by us appellate judges to dismiss a suit."). On the other hand, Rule 41 requires a clear record of delay, contumacious conduct, or prior failed sanctions. *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987).

Although dismissal is a harsh remedy, *Astrachan*, 128 F.3d at 1057, it may be "essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of

all litigants." *Roland*, 811 F.2d at 1177-78 (citations omitted). EJ&E has cited several cases in which dismissal was found proper for failure to follow discovery orders. *See, e.g., Newman*, 962 F.2d at 591 (dismissal with prejudice appropriate where plaintiff's failure to appear for scheduled deposition, failure to respond to interrogatories, and failure to provide court with requested documentation of financial distress revealed pattern of noncompliance); *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994) (finding district court need not have imposed lesser sanction prior to assessing sanction of dismissal with prejudice for failure to follow discovery order); *Watkins v. City of South Bend*, 128 F.R.D. 102, 104-05 (N.D. Ind. 1989) (holding dismissal proper for failure to respond to interrogatories).  In this case, Austin has failed to respond to EJ&E's interrogatories and requests for documents, and has failed to comply with the Court's order dated August 16, 2006, setting forth a deadline for the discovery responses. EJ&E has provided no argument to this Court as to why this inaction constitutes willfulness, bad faith, or fault on the part of Austin. Because EJ&E has failed to meet its burden of showing that Austin not only failed to cooperate with the discovery process, but that his conduct was willful and/or in bad faith, this Court does not believe dismissal is an appropriate sanction under Rule 37.

However, this Court does believe that dismissal is warranted under Rule 41.  "No exact rule can be laid down as to when a court is

justified in dismissing a case for failure to prosecute. Each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal." *Sandee Mfg. Co. v. Rohm & Haas Co.*, 298 F.2d 41, 43 (7th Cir. 1962). Here, there is a clear record of delay. First, Plaintiff's counsel withdrew on the basis that her client failed to respond to her telephone calls and written communications. "A court may infer a lack of prosecutorial intent from such factors as the withdrawal of an attorney . . . ." *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (citation omitted). Second, Austin failed to timely answer EJ&E's interrogatories and requests for documents. Third, Austin failed to comply with this Court's order setting forth a deadline for the discovery requests. Last, Austin failed to respond to the current motion to dismiss despite this Court's warning and allowance of additional time. "[A] district court's power to dismiss a case 'serve[s] not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in . . . dilatory behavior.'" *Astrachan*, 128 F.3d at 1056-57 (quoting *Patterson*, 852 F.2d at 285). Dismissal of Austin's complaint is appropriate in this case, where Plaintiff has failed to prosecute this action, has repeatedly failed to engage in timely discovery, and has not evidenced any desire to go forth with this litigation. *See Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir. 1994) (finding where

pattern of dilatory conduct is clear, dismissal for want of prosecution need not be preceded by imposition of less severe sanctions). Because dismissal with prejudice is a drastic sanction to be applied "only in extreme situations," *GCIU Employer Retirement Fund*, 8 F.3d at 1199, and Austin is presently a pro se Plaintiff, this Court dismisses Austin's complaint without prejudice.

CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** Plaintiff's complaint **WITHOUT PREJUDICE**.

**DATED:  October 26, 2006**               /s/RUDY LOZANO, Judge
                                           **United States District Court**